IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,955-01






EX PARTE DANNY LEE HOLLOWAY, II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 18662 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with murder, but
found guilty of the lesser-included offense of manslaughter and sentenced to twenty years'
imprisonment. The Sixth Court of Appeals affirmed his conviction. Holloway v. State, No. 06-02-00216-CR (Tex. App. - Texarkana, November 5, 2003).

 In 2007, Applicant requested DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure. The request was granted, and testing was performed in 2009. The results of the post-conviction DNA testing apparently excluded the victim as a contributor to DNA on a knife found
in Applicant's car shortly after the homicide. Applicant contends that the DNA test results constitute
newly-discovered evidence of his actual innocence. The trial court conducted an evidentiary hearing,
after which it signed an order purportedly granting Applicant a new trial. 

 The State appealed the trial court's order, and the Court of Appeals held that the trial court
lacked jurisdiction to grant Applicant a new trial under these circumstances. Holloway v. State, No.
06-10-00033-CR (Tex. App. - Texarkana, December 10, 2010). On petition for discretionary
review, this Court upheld the Court of Appeals' determination that the trial court lacked jurisdiction
to grant Applicant a new trial, noting that post-conviction habeas corpus is the proper means for
obtaining the relief sought by Appliant. Holloway v. State, No. PD-0324-11 (Tex. Crim. App. 2012). 
Applicant subsequently filed this application, in which he alleges, inter alia, that he is actually
innocent of the offense, as shown by the newly-available DNA tests, that the State withheld
favorable evidence from the defense, and that his trial counsel was ineffective. The trial court has
not entered new findings of fact since this Court's opinion on the petition for discretionary review. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 The trial court shall first supplement the habeas record with a transcript of the evidentiary
hearing held on February 25, 2010. The trial court shall make findings of fact and conclusions of
law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact
as to whether the State withheld favorable evidence from the defense. The trial court shall make
findings of fact and conclusions of law as to whether the results of the post-conviction DNA testing
establish that no reasonable jury would have voted to convict Applicant had the evidence been
available at the time of Applicant's trial. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: February 13, 2013

Do not publish